KIM E. RICHMAN
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, NY 10001
krichman@reeserichman.com
212-643-0500 (telephone)
212-253-4272 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ISHMEAL WALKER,

        Plaintiff,

   -against-

THE CITY OF NEW YORK, DET. JOHN GAMBLE (Shield #2822) , DET. BRIAN DEPALO (Shield #1737), SGT. WILLIAM LOGAN (Shield #913508), DET. VINCENT DUAGE (Shield #1722), DET. UC #C-0030, DET. UC #C-0082 and P.O.s "JOHN DOE" #1-15 (said names being fictitious, as the true names are presently unknown), Individually and in Their Official Capacities,

        Defendants.
-----------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

     Plaintiff Ishmeal Walker by his attorney, Kim E. Richman, complaining of the defendants, based upon information and belief, respectfully alleges as follows:

## PRELIMINARY STATEMENT

     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, Det. John Gamble (Shield #2822), Det. Brian Depalo (Shield #1737), Sgt. William Logan (Shield #913508), Det. Vincent Duage (Shield #1722), Det.

1

UC #C-0030, Det. UC #C-0082 and P.O.s "John Doe" #1-15 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2.  Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Walker's constitutional and civil rights.

3.  Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4.  Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Kings County located in the Eastern District of New York.

7. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants Det. John Gamble (Shield #2822), Det. Brian Depalo (Shield #1737), Det. Vincent Duage (Shield #1722), Sgt. William Logan (Shield #913508), Det. UC #C-0030, Det. UC #C-0082 and P.O.s "John Doe" #1-15 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law, (collectively, with Defendant City, "Defendants").

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. This action stems from an unlawful arrest of Plaintiff Ishmeal Walker, his subsequent ten (10) day imprisonment and prosecution, all of which were undertaken in absence of probable cause

12. Defendants conducted a drug-related law enforcement operation from approximately June 21, 2011 to March 23, 2012 under Case No. 2011-547-001620SL.

13. Defendants falsely claimed that Plaintiff was present at and involved in an unlawful drug-related activity in New York on or about December 1, 2011 and on or about December 12, 2011.

14. Defendants, including Defendant Det. Brian Depalo were familiar with Plaintiff from prior encounters.

15. Although Plaintiff was not in New York State on the aforementioned dates and thus neither present for nor involved in the alleged unlawful activity, Defendants nonetheless falsely identified plaintiff in photo arrays on or about December 28, 2011 and on or about February 2, 2012.

16. Defendant Depalo conducted the aforementioned photo arrays under the supervision of Defendant Sgt. William Logan.

17. In each instance, Plaintiff was allegedly identified by an undercover officer.

18. On Tuesday, March 13, 2012, at approximately 6:00 am, Plaintiff was asleep in his home at on Gates Avenue in Brooklyn, where has lived for 20 years, when

Defendants Det. John Gamble and P.O.s "John Doe", forced their way into Plaintiff's house, awaking him.

19. Defendants Det. John Gamble and P.O.s "John Doe" demanded to know who was inside the house. After Plaintiff Mr. Walker identified himself and provided his driver's license, Defendant Det. John Gamble forcefully pulled Plaintiff out of his home against his will.

20. Det. John Gamble unlawfully seized Plaintiff Mr. Walker and thereafter searched his person, and Det. Vincent Duage led him away from his house in handcuffs in full public view. Plaintiff was escorted to one of approximately five unmarked police vehicles surrounding his home.

21. Defendants did not act upon information provided by any civilian complaining witnesses, but rather on false information fabricated by undercover police officers, identified as UC #C-0082 and Det. UC #C-0030.

22. Plaintiff Mr. Walker was taken to the 81st Precinct of the NYPD where he was processed. Plaintiff was thereafter charged with three (3) felonies and a class A misdemeanor.[1]

23. Plaintiff Mr. Walker was detained at Rikers Island for nine (9) days. On or about March 23, 2012, Plaintiff Mr. Walker was released on a $25,000 bond. Plaintiff's cellphone, which was confiscated during his unlawful arrest, was never returned to him.

---

[1] Mr. Walker was charged with PL 220.16 Felony Criminal Possession of a Controlled Substance, PL 220.39 Felony Criminal Sale of a Controlled Substance, PL 105.10 Felony Conspiracy, and PL 221.40 Criminal Sale of Marijuana.

5

24. On October 10, 2012, all charges against Plaintiff Mr. Walker were dismissed by criminal court on the application of the of the King's Court District Attorney's Office.

25. As a result of his unlawful arrest, Plaintiff Mr. Walker was detained for a total of ten (10) days, and faced criminal charges carrying a potential sentence of approximately 25 years in prison. Further, Plaintiff Mr. Walker had to expend significant time and expense in defending himself over the course of seven (7) months following his arrest.

26. As a result of the aforementioned violations of his civil rights, Plaintiff Ishmeal Walker was subjected to the humiliation of being arrested, searched and led away in full public view in front of his community and family, and the stigma of being prosecuted for several felonies, resulting in damage to his esteem and reputation within the community.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

27. Plaintiff Ishmeal Walker repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities by the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

33. By these actions, these Defendants have deprived Mr. Walker of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

34. Plaintiff Ishmeal Walker repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

35. As a result of Defendants' aforementioned conduct, Plaintiff Mr. Walker was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

36. Defendants did not have a reasonable belief that there was probable cause to arrest Plaintiff.

37. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

38. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

### THIRD CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

39. Plaintiff Ishmeal Walker repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

40. Defendants issued legal process to place Plaintiff Mr. Walker under arrest.

41. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

42. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

43. As a result of Defendant's unlawful acts, Plaintiff was harmed.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION

44. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

45. Defendants caused legal process to be issued against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed, with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

46. The criminal charges against Plaintiff were terminated in his favor.

47. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

48. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable

49. As a result of Defendants' malicious prosecution and other unlawful acts, Mr. Walker was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## FIFTH CLAIM FOR RELIEF: EXCESSIVE FORCE UNDER NEW YORK STATE LAW

50. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

51. Defendants acted in an excessive, unnecessary and unwarranted manner in the performance of their duties as law enforcement officers of the Defendant City of New York.

52. By the actions described above, Defendants intentionally caused and made bodily contact with Plaintiff in a harmful and offensive manner in violation of the Constitution and Laws of the State of New York.

53. Defendants' actions were wrongful under the circumstances and were not otherwise privileged.

54. As a consequence thereof Plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

55. Plaintiff Ishmeal Walker repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

56. Defendants falsely arrested and maliciously prosecuted Plaintiff Mr. Walker despite a complete lack of cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant City and its NYPD, all under the supervision of ranking officers of said department.

59. The aforementioned customs, policies, usages, practices, procedures and Defendant City included, but were not limited to unlawful misuse of photo arrays to initiate and continue criminal proceedings without evidence of criminal activity.

60. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

61. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

65. Defendant City, as municipal policymaker in the training and supervision of Defendants Det. John Gamble, Det. Brian Depalo, Sgt. William Logan, Det. Vincent Duage, UC #C-0030, UC #C-0082 and P.O. "John Doe" (#1-15), has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

11

66. All of the foregoing acts by Defendants deprived Plaintiff Ishmeal Walker of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
          September 30, 2013

          Respectfully submitted,

          _____
          Kim E. Richman, Esq.
          **REESE RICHMAN LLP**
          875 Avenue of the Americas, 18th Floor
          New York, NY 10001
          (212) 643-0500 (telephone)
          (212) 253-4272 (facsimile)

          *Attorney for Plaintiff*